IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NORTHERN OIL & GAS, INC.,
a New Mexico corporation, and
ZIA ENERGY RESOURCES, INC.,
a New Mexico corporation,

      Plaintiffs,

vs.                                            No.  CIV 07-00997-BB-ACT

H & T RESOURCES, L.L.C.,
a Texas limited liability corporation,

      Defendant,

H & T RESOURCES, L.L.C.,
a Texas limited liability corporation,

      Counterclaimant,

vs.

NORTHERN OIL & GAS, INC.,
a New Mexico corporation,
ZIA ENERGY RESOURCES, INC.,
a New Mexico corporation, DONALD
A. CATA, Individually, JOHN DOE I,
JOHN DOE II, JOHN DOE III, individually,
ENDRUN CO. I, ENDRUN CO. II, unknown entities,

      Counterdefendants.

MEMORANDUM OPINION
SUPPORTING DISMISSAL WITHOUT PREJUDICE

THIS MATTER came before this Court on a motion to show cause by H&T

Resources, L.L.C. [Doc. 110].  During the course of oral argument on this motion, it became

clear there is no basis for federal jurisdiction in this case.  The Court therefore will withdraw its previous default judgment and dismiss this case without prejudice.

## *Discussion*

During oral argument on the show cause motion, it was revealed Counterclaimant H&T Resources had filed a 65-page complaint in the second judicial district court which mirrors the present complaint and "makes very, very similar - if not identical - factual allegations" to these in the present action.  (Tr. 14).  Based on this fact, Plaintiff Northern Oil and Gas, Inc., argued to set aside the default judgment previously entered by this court. Counterclaimant's counsel recognized there certainly is not, and never has been, a federal question in this case saying, "This case involves nothing more than state court claims, tortious interference, conspiracy, and breach of contract action."  (Tr. 19).  Mr. Thompson continued:

> Given the fact that there is no diversity between H&T and the Texas defendants, there is no chance that they can remove this case back to Federal Court from State Court where it belongs, because there is no diversity and there is no federal question.
> Finally, in consideration of exercising any supplemental jurisdiction, I wouldn't think that this Court, given what has transpired in this case thus far would want to exercise supplemental jurisdiction, and continue with this case. We are going to end up having 10 to 12 parties in, essentially, a business dispute involving strictly State Court actions, and possibly State Court counterclaims.

(Tr. 20).  Plaintiff's counsel, Mr. Fitzpatrick, responded:

> [I]t's interesting that Mr. Thompson – defiantly, in my opinion – makes what is effectively a motion to dismiss on jurisdictional grounds out of this hearing. And the Court may not want to exercise jurisdiction over State Court

proceedings, but we're asking the Court not to destroy our right to litigate fully all facts and issues in State Court by allowing the present orders to stand, which it would do.

(Tr. 26-27).  The Court, then, engaged in the following dialog with Plaintiff's counsel:

> THE COURT: As of this point, is there any basis for federal jurisdiction?
> MR. FITZPATRICK: Diversity would be it, Your Honor.
> THE COURT: Didn't you stipulate these other [nondiverse] parties would be included?
> MR. FITZPATRICK: Did I?  No.
> THE COURT: Well, your clients.
> MR. FITZPATRICK: It would appear so, yes, Your Honor.  So at this point, it would appear proper that this matter be litigated in State Court.  But we don't want to go back to State Court with our hands tied behind our backs and our legs in chains.  And I feel that would be the case should the condition of the pleadings remain and the Court not reverse the sanctions that it imposed earlier.

(Tr. 27-28).  At this point, then, both parties concede there is no basis for federal jurisdiction over this case and it should be dismissed.  *Federal Resources Corp. v. Shoni Uranium Corp.*, 408 F.2d 875 (10th Cir. 1969) (dismissal proper where similar case pending in state court).

This Court also heard substantial argument over the default judgment entered against Plaintiffs, with the consent of Plaintiffs' counsel who was engaged in a fee dispute and seeking to withdraw.  While the Court is convinced Plaintiffs bear some fault in not obtaining alternate counsel earlier, it appears Mr. Anderson's concurrence in the allegations against his client which resulted in the default judgment is sufficiently extraordinary to require that the default judgment be vacated.  *See Community Dental Servs. v. Tani*, 282 F.3d 1164, 1169-79 (9th Cir. 2002); *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 978-79 (3d Cir.

1978); *Thunder Mtn. Custom Cycles, Inc. v. Thiessen Products, Inc.*, 2008 WL 5412463 (D.

Colo.).  Whether Plaintiffs' claims have merit must await the outcome of the state court

proceedings.

    An order of dismissal shall be entered herewith.

                             _____

                             Bruce D. Black
                             United States District Judge